# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PAUL BRUMSFIELD,**

      **Plaintiff,**

**v.**                                                                              **Civil Action No. 2:12cv65**
                                                                                   **(Judge Bailey)**

**DAVID PROCTOR, Doctor,**
**TRISTAN TENNEY, Health Service Administrator,**
**WEXFORD MEDICAL CORPORATION,**
**MARVIN PLUMLEY, Warden,**

      **Defendants.**

## REPORT AND RECOMMENDATION

### I.   Procedural History

The *pro se* plaintiff initiated this case on September 7, 2012, by filing a State Civil Rights Complaint pursuant to 42 U.S.C. § 1983. On that same date, the Clerk of Court issued a Notice of Deficient Pleading which advised the plaintiff that he must either pay the $350.00 filing fee, or submit an application to proceed *in forma pauperis*. On September 12, 2012, the plaintiff paid the $350.00 filing fee. On September 17, 2012, the undersigned conducted a preliminary review of the matter and determined that summary dismissal was not appropriate. However, because the plaintiff had not been granted leave to proceed *in forma pauperis*, he was not entitled to service by the United States Marshal. Instead, the plaintiff was responsible for obtaining service of process on his own. Therefore, an Order was entered which advised him of the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, and the Clerk of Court was directed to issue 21 days summonses for the defendants and forward those forms to the plaintiff.

On October 5, 2012, the plaintiff filed returns indicating that service had been accomplished by way of certified mail sent by him to each of the defendants at Huttonsville Correctional Center. On

October 25, 2012, Marvin Plumley ("Plumley")filed a Motion to Dismiss. On October 26, 2012, the plaintiff was issued a Roseboro Notice. On October 26, 2012, David Proctor ("Proctor"), Tristan Tenney ("Tenney") and Wexford Medical Sources ("Wexford") filed a joint Motion to Dismiss. On November 16, 2012, the plaintiff filed a Motion for an Extension of Time to respond to the Motion to Dismiss filed by Marvin Plumley. On November 19, 2012, a second Roseboro Notice was issued with respect to the October 26, 2012 Motion to Dismiss filed by Proctor, Tenney and Wexford, and the plaintiff was granted an additional twenty-eight days to file a response to the Motion to Dismiss filed by Plumley. As of entry of this Report and Recommendation, the plaintiff has not responded to either Motion to Dismiss.

## II. Contentions of the Parties

### A. The Complaint

In his complaint, the plaintiff asserts that he has suffered for over a year from extreme pain on the right side of his lower back. In addition, the plaintiff alleges that he was diagnosed with Hepatitis C in 1999. The plaintiff maintains that the defendants have failed to provide him adequate care and have refused to allow him to be seen by a specialist. For relief, the plaintiff seeks a trial by jury, appointment of counsel, and an order directing that his condition be properly evaluated by an independent specialist so a proper course of adequate medical care and treatment can be proscribed.

### B. Motion to Dismiss by Marvin Plumley

In his Motion, Plumley alleges that the plaintiff has failed to state a claim upon which relief can be granted against him. More specifically, Plumley argues that he is the warden, not a doctor, and is not responsible for making medical decisions for inmates. Because the complaint only asserts claims relating to his medical care and does not specifically allege that he had personal involvement

with said medical care, Plumley maintains that he has been named in his supervisory capacity. Plumley argues that decisions regarding the health of inmates is made by the employees of Wexford and not the Division of Corrections or any of its employees. Moreover, Plumley alleges that Wexford is an independent contractor and is not under his control. Accordingly, Plumley argues that any claim against him based in the actions or inactions of the employees of Wexford must fail. Moreover, he argues that non-medical personal may rely on the opinion of medical staff regarding the proper treatment of inmates. Plumley also alleges that he is entitled to qualified immunity.

**C. Motion to Dismiss by David Proctor, Tristan Tenney, and Wexford Health Sources.**

These defendants have moved to dismiss on the basis of insufficient service of process.

### III. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a

3

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### IV. Analysis

**A. Marvin Plumley**

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant

4

which violate his constitutional rights.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).  Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).  *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a § 1983 case.  Rizzo v. Good, 423 U.S. 362 (1976).

In this case, the plaintiff makes no specific allegations against Plumley indicating that he was involved in any violation of his constitutional rights.  Rather, it appears that the plaintiff merely names him in his official or supervisory capacities as the Warden of HCC.  However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted).  Therefore, suits against state officials in their official capacities should be treated as suits against the state.  *Id.* at 166.  In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation.  *Id.* (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)).  In this case, the plaintiff fails to assert that a policy or custom of the prison played a part in the alleged violation of his constitutional rights.

As to supervisory capacity, there is no *respondeat superior* liability under § 1983.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997).  Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights."  Vinnedge, supra.  When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible.  Fisher v. Washington

5

Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[1]

First, it would appear that Wexford is an independent contractor and Dr. Proctor and Tristan Tenney are its employees. Therefore, as the warden, Plumley is not a supervisor of those defendants. Moreover, even if the court were inclined to view him as their supervisor, the plaintiff fails to make any allegations which reveal the presence of the required elements for supervisory liability. Consequently, the plaintiff fails to state a claim against Plumley, and he should be dismissed with prejudice as a defendant in this action.

**B. Dr. David Proctor, HSA Tristan Tenney, and Wexford Health Sources**

In order to commence an action in federal court, the plaintiff must file a complaint with the court and serve a summons and a copy of the complaint on all the defendants. Rule 4 of the Federal Rules of Civil Procedure set forth the requirements for service. When serving an individual within a judicial district of the United States, the Rule requires that process be served by:

---

[1] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service if made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally'

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of a suitable age and discretion who resides there; or

    © delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ Pro. 4(e).

West Virginia further allows process to be served by:

    (D) The Clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or

    (E) The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

W.Va. R. Civ. P. 4(d)(1).

There appears to be no dispute that the plaintiff "served" the summonses for Proctor and Tenney by certified mail. While service by regular or by certified mail is authorized by Rule 4 of the West Virginia Rules of Civil Procedure, it is clear that it is the clerk of court who must send the summons and complaint to the person to be served.

The other defendant in this motion to dismiss is listed as Wexford Medical Corporation by the plaintiff. However, its correct name is Wexford Health Sources, Inc., and according to the motion is

7

a Florida corporation authorized to do business within the State of West Virginia.  Accordingly, it is subject to Federal Rules of Civil Procedure 4(h) which again refers to Rule 4(e)(1) for the manner of service unless delivered in person.  West Virginia Rules of Civil Procedure 4(d)(7) provides for service "[u]pon a foreign corporation, including a business trust, which is qualified to do business in the State by delivering or mailing in accordance with Paragraph (1) above a copy of the summons and complaint as provided in Rule 4(d)(5)."

West Virginia Rules of Civil Procedure (4)(d)(5) then provides that service may be made:

> (A) by delivering or mailing in accordance with Paragraph (1) above a copy of the summons and complaint to an officer, director, or trustee thereof to any agent of the corporation including, in the case of a railroad company, a depot or station agent in the actual employment of the company; but excluding, in the case of an insurance company, a local or soliciting agent; or
>
> (B) by delivering or mailing in accordance with Paragraph (1) above a copy thereof to any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf."

Accordingly, there is a procedure for service by mail upon a foreign corporation.  However, said manner of service is the same as for individuals and must be performed by the clerk.  Therefore, not only did the plaintiff fail to abide by the requirements of Rule 4 of both the Federal Rules of Civil Procedure and the West Virginia Rules of Civil Procedure by attempting to serve by mail without having the clerk send the summons and complaint, he attempted service upon Wexford by sending a copy of the summons and complaint to the correctional facility, which is not its principal place of business and where no officer, director, trustee or agent is located.

### V. Recommendation

For the reasons stated, the undersigned recommends that the Motion to Dismiss by Marvin Plumley (Doc. 10) be **GRANTED**; the Motion to Dismiss by David Proctor, Tristan Tenney, and

8

Wexford Medical Sources (Doc. 14) be **GRANTED**; and the plaintiff's complaint be **DISMISSED WITH PREJUDICE** against Marvin Plumley for failure to state a claim upon which relief can be granted and **WITHOUT PREJUDICE** against David Proctor, Tristan Tenney and Wexford Health Sources for failure to obtain proper service.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: March 18, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE