IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                                  ELKINS

**PAUL BRUMFIELD,**

      **Plaintiff,**

**v.**                                                                        **Civil Action No. 2:12-CV-65**
                                                                        **(Bailey)**

**DAVID PROCTOR,** *Doctor*,
**TRISTAN TENNEY,** *Health Service Administrator*,
**WEXFORD MEDICAL CORPORATION,**
**MARVIN PLUMLEY,** *Warden*,

      **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge John S. Kaull [Doc. 23]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on March 18, 2013 [Doc. 23]. In that filing, the magistrate judge recommended that this Court grant Defendant Marvin Plumley's Motion to Dismiss Plaintiff's Complaint [Doc. 10], grant the Motion to Dismiss by Defendants, Dr. David Proctor, Tristan Tenney, HSA and Wexford Health Sources, Inc. (Denominated in the Complaint as Wexford Medical Corporation) [Doc. 14], dismiss with prejudice the plaintiff's Complaint [Doc. 1] for failure to state a claim upon which relief can be granted to the extent that it pertains to defendant Marvin Plumley, and dismiss without prejudice the plaintiff's Complaint [*Id.*] for failure to obtain proper service to the extent that it pertains to defendants David Proctor, Tristan Tenney, and Wexford Medical Corporation [Doc. 23 at 8-9].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo*

review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket sheet reflects that service of the R&R was accepted on March 19, 2013 [Doc. 24]. Although the plaintiff's objections were not docketed until April 8, 2013, the plaintiff indicates that he placed his objections in the prison mailing system on March 29, 2013 [Doc. 25 at 3]. As such, this Court will construe the plaintiff's objections as timely. *See* **Houston v. Lack**, 487 U.S. 266, 276 (1988) (finding that a document is considered filed with the court by a *pro se* prisoner when that prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"). Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

**I. Factual and Procedural History**

On September 7, 2012, the plaintiff filed a State Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1], alleging that he has suffers from extreme back pain and Hepatitis C [*Id.* at 7-8].[1] On the same day, the plaintiff was sent a Notice of Deficient

---

[1] For relief, the plaintiff states that he seeks compensatory and punitive damages, a trial by jury, appointed counsel, and an evaluation by an independent specialist "so a

2

Pleading [Doc. 3], which informed the plaintiff that he was required to either pay the $350 filing fee or submit an *in forma pauperis* application [*id.*]. On September 12, 2012, this Court received the plaintiff's $350 filing fee [Doc. 5].

On September 17, 2012, Magistrate Judge Kaull entered an Order Regarding Preliminary Review and Service of Process [Doc. 6] finding that summary dismissal of the Complaint was not warranted and that the defendants should be required to file an answer to the plaintiff's Complaint [*Id.* at 1]. The magistrate judge noted that the plaintiff "[was] not entitled to court ordered service of process by the United States Marshal Service" because the plaintiff paid the $350 required filing fee and did not seek to proceed *in forma paueris* [*Id.* at 1-2]. The magistrate judge informed the plaintiff that he would be responsible for obtaining service of process on his own, directed the plaintiff to Rule 4(m) of the Federal Rules of Civil Procedure, and reiterated that the defendants must be served on or before January 8, 2013 [*Id.* at 2]. The Order Regarding Preliminary Review and Service of Process further stated that "[t]he failure to provide proof of proper service for a particular party, or the failure to show good cause for the failure to effect service within the time allotted, could result in the dismissal of this case without prejudice" [*Id.*]. On October 5, 2012, the plaintiff filed returns indicating that he had completed service of the Complaint on the defendants by way of certified mail to the Huttonsville Correctional Center [Doc. 9].

On October 25, 2012, defendant Marvin Plumley filed a Motion to Dismiss [Doc. 10] and memorandum in support thereof [Doc. 11]. In his motion to dismiss, defendant Plumley argues that the plaintiff failed to state a claim against him on which relief can be

---

proper course of adequate medical care and treatment can be proscribed [*sic*]" [Doc. 1 at 9].

3

granted because (1) the plaintiff's claims pertain to medical decisions made by medical staff, and (2) defendant Warden Plumley is a government official entitled to qualified immunity for discretionary functions [Doc. 10 at 1-2; Doc. 11]. A *Roseboro* Notice [Doc. 13] regarding defendant Plumley's motion to dismiss was issued on October 26, 2012. The remaining defendants (Dr. David Proctor, Tristan Tenney, and Wexford Health Sources, Inc.) filed a Motion to Dismiss [Doc. 14] and memorandum in support thereof on October 26, 2012 [Doc. 15]. In their motion to dismiss, defendants Proctor, Tenney, and Wexford Health Sources, Inc., argue that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process [Doc. 14 at 1]. The defendants further note that Wexford Health Sources, Inc., was improperly named as Wexford Medical Corporation in the Complaint [Doc. 15 at 1, 4]. On November 16, 2012, the plaintiff filed a Motion for Extension of Time to Respond to Defendant Marvin Plumley's Motion to Dismiss [Doc. 20]. On November 19, 2012, Magistrate Judge Kaull issued a *Roseboro* Notice [Doc. 21] regarding defendants Proctor, Tenney, and Wexford Health Sources, Inc.'s., motion to dismiss and granted the plaintiff's request for an extension of time to respond to defendant Plumley's motion to dismiss [*Id.*]. As such, the plaintiff's response to each motion to dismiss was due on or before December 17, 2012 [*Id.* at 2]. The docket reflects that the plaintiff received the November 19, 2012, *Roseboro* Notice and Order on November 21, 2012 [Doc. 22]. However, the plaintiff never responded to either motion to dismiss.

On March 18, 2013, the magistrate judge issued his R&R [Doc. 23]. In the R&R, the magistrate judge recommended that this Court grant Defendant Marvin Plumley's Motion to Dismiss Plaintiff's Complaint [Doc. 10] and dismiss with prejudice the plaintiff's Complaint

4

[Doc. 1] for failure to state a claim upon which relief can be granted to the extent that it pertains to defendant Marvin Plumley [Doc. 23 at 8-9]. In addition, the magistrate judge recommended that this Court grant the Motion to Dismiss by Defendants, Dr. David Proctor, Tristan Tenney, HSA and Wexford Health Sources, Inc. (Denominated in the Complaint as Wexford Medical Corporation) [Doc. 14] and dismiss without prejudice the plaintiff's Complaint [Doc. 1] for failure to obtain proper service to the extent that it pertains to defendants David Proctor, Tristan Tenney, and Wexford Medical Corporation [Doc. 23 at 8-9].

On April 8, 2013, the plaintiff's objections to the R&R [Doc. 25] and a Motion to Amend the Complaint [Doc. 26] were received by this Court. In the plaintiff's objections to the R&R, the plaintiff states that he does not object to the dismissal with prejudice of Defendant Plumley [Doc. 25 at 1] and submits a Proposed Amended Section 1983 Complaint, which does not name defendant Plumley [Doc. 26-1]. However, the plaintiff does object to the dismissal without prejudice of the remaining defendants based upon his Motion to Amend the Complaint [*Id.*]. In support of his objection, the plaintiff states that his Proposed Amended Section 1983 Complaint [Doc. 26-1] correctly names Wexford Health Sources, Inc. [Doc. 25 at 2]. The plaintiff further states that he has provided the Clerk with the "proper summons form" for service to defendants Proctor, Tenney, and Wexford Health Sources, Inc. [*Id.*]. In addition, the plaintiff argues that defendants Proctor, Tenney, and Wexford Health Sources, Inc., would not be prejudiced by permitting the plaintiff to amend his Complaint because "no responsive pleadings have been made" [Doc. 25 at 2].

## II. Applicable Law

### A. Motion to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 547 (2007). In other words, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim" to survive a motion to dismiss for failure to state a claim. ***Bass v. E.I. Dupont de Nemours & Co.***, 324 F.3d 761, 765 (4th Cir. 2003)(citing ***Dickson v. Microsoft Corp.***, 309 F.3d 193, 213 (4th Cir. 2002)); *see also* ***Iodice v. United States***, 289 F.3d 270, 281 (4th Cir. 2002). In so doing, the complaint must meet a "plausibility" standard such that the "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal***, 556 U.S. 662, 663 (2009) (relying on ***Twombly***, 550 U.S. at 556).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in the light most favorable to the plaintiff. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995)(*relying on* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357*)(*3d ed. 2004).

### B. Proper Service

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirement for proper

service of a summons and complaint upon a defendant. For service of an individual within a judicial district of the United States, proper service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Alternatively, proper service may be completed by "doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(A)-(C).

In addition to those methods listed in FED. R. CIV. P. 4(e)(1), West Virginia state law permits process to be served to an individual by "[t]he clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee" or "[t]he clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served together with two copies of a notice and acknowledgment confirming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk." W. VA. R. CIV. P. 4(d)(1)(D)-(E).

The requirements for service on a corporation is detailed in FED. R. CIV. P. 4(h). Such service shall be completed (A) in the same manner as that prescribed by FED. R. CIV. P. 4(e)(1), or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1)(A)-(B).

In addition, West Virginia state law permits process to be served upon a foreign

7

corporation that is qualified to do business in the state of West Virginia "by delivering or mailing in accordance with [W. VA. R. CIV. P. 4(d)(1)] a copy of the summons and complaint as provided in Rule 4(d)(5)." W. VA. R. CIV. P. 4(d)(7). Rule 4(d)(5) provides that service may be completed in the following manner:

> (A) by delivering or mailing in accordance with [W. VA. R. CIV. P. 4(d)(1)] a copy of the summons and complaint to an officer, director, or trustee thereof; or, if no such officer, director, or trustee be found, by delivering a copy thereof to any agent of the corporation . . . ; or
>
> (B) by delivering or mailing in accordance with [W. VA. R. CIV. P. 4(d)(1)] a copy thereof to any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf.

W. VA. R. CIV. P. 4(d)(5). Accordingly, similar to service of an individual, service by mail to a corporation must be completed by the clerk.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a court must dismiss an action without prejudice against any defendant that is not served within 120 days of the date the Complaint is filed, unless the plaintiff "shows good cause for the failure." FED. R. CIV. P. 4(m). If the plaintiff shows such good cause, then a court "must extend the time for service for an appropriate period." *Id.*

### III. Discussion

### A. Defendant Plumley

In his R&R, the magistrate judge concluded that defendant Warden Marvin Plumley did not serve in a supervisory capacity to the other defendants in this proceeding [Doc. 23 at 6]. The magistrate judge further concluded that, even if defendant Plumley were a

supervisor to the other defendants in this proceeding, the plaintiff made no allegations in his Complaint to establish supervisory liability [*Id.*]. As such, the magistrate judge found that the plaintiff failed to state a claim against defendant Plumley on which relief can be granted [*Id.*]. Accordingly, the magistrate judge recommended that this Court grant Defendant Marvin Plumley's Motion to Dismiss Plaintiff's Complaint [Doc. 10] and dismiss with prejudice the plaintiff's Complaint [Doc. 1] to the extent that it pertains to defendant Plumley [Doc. 23 at 8-9].

In his May 8, 2013, objections, the plaintiff states that he "does **not** object" to the dismissal of defendant Plumley from this proceeding [Doc. 25 at 1 (emphasis in original)]. As such, this Court will review the portion of the R&R pertaining to defendant Plumley for clear error. Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation regarding the dismissal of defendant Marvin Plumley with prejudice should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.

### B. Defendants Proctor, Tenney, and Wexford Health Sources, Inc.

The plaintiff moves to amend his Complaint to correctly name defendant Wexford Health Sources, Inc., and "has . . . submitted to the Clerk the proper summons form for [defendants Proctor, Tenney, and Wexford Health Sources, Inc.,] so they can be properly served" [Doc. 26 at 2]. The plaintiff argues that "[t]he defendants have not suffered any prejudice by the amendment and no responsive pleadings have been made" [*Id.*]. On the basis of the proposed Amended Complaint [Doc. 26-1] and new service upon defendants Proctor, Tenney, and Wexford Health Sources, Inc., the plaintiff objects to the magistrate judge's recommendation that defendants Proctor, Tenney, and Wexford Health Sources,

9

Inc., be dismissed without prejudice [Doc. 25 at 1-2]. As such, the portion of the R&R pertaining to defendants Proctor, Tenney, and Wexford Health Sources, Inc., is subject to a *de novo* standard of review.

The plaintiff attempted to serve individual defendants David Proctor and Tristan Tenney "by way of certified mail" at a post office box address for the Huttonsville Correctional Center in Huttonsville, West Virginia [Doc. 9 at 2; Doc. 9-1 at 2]. In addition, the plaintiff attempted to serve corporate defendant "Wexford Medical Corporation" in the same manner and to the same address [Doc. 9-2 at 1-2]. With regard to the plaintiff's attempted service on the individual defendants Proctor and Tenney, service by mail is permitted only by the Clerk of the court. *See* W. VA. R. CIV. P. 4(d)(1)(D)-(E); FED. R. CIV. P. 4(e)(1); and FED. R. CIV. P. 4(e)(2)(A)-(C). With regard to the attempted service to the misnamed foreign corporation Wexford Medical Corporation,[2] service by mail is again permitted only by the Clerk of the court. *See* W. VA. R. CIV. P. 4(d)(5); and FED. R. CIV. P. 4(h)(1)(A)-(B). Furthermore, such service on the corporation by mail must be to an officer, director, trustee, authorized agent, or authorized attorney of the corporation, none of which are located at the Huttonsville Correctional Center. *See* W. VA. R. CIV. P. 4(d)(5); *see also* the Florida Department of State Division of Corporations website and the West Virginia Secretary of State website]. Accordingly, the plaintiff failed to obtain proper service on defendants Proctor, Tenney, and Wexford Health Sources, Inc. *See* W. VA. R. CIV. P. 4(d)(1)(D)-(E); W. VA. R. CIV. P. 4(d)(5); FED. R. CIV. P. 4(e)(1); FED. R. CIV. P. 4(e)(2)(A)-

---

[2]The correct name for the corporation is Wexford Health Sources, Inc., which is a Florida corporation authorized to do business within the state of West Virginia [Doc. 15 at 4; *see also* the Florida Department of State Division of Corporations website and the West Virginia Secretary of State website].

(C); and FED. R. CIV. P. 4(h)(1)(A)-(B).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a court must dismiss an action without prejudice against any defendant that is not served within 120 days of the date the Complaint is filed, unless the plaintiff "shows good cause for the failure." FED. R. CIV. P. 4(m). If the plaintiff shows such good cause, then a court "must extend the time for service for an appropriate period." *Id.* Although the plaintiff attempts to correct the improper service at this time, he has not attempted to demonstrate good cause for the failure to properly serve the defendants by the January 8, 2013, deadline to do so [*See* Docs. 25 and 26]. The plaintiff merely argues that no defendant would be prejudiced by permitting an Amended Complaint at this time [Doc. 25 at 2; Doc. 26 at 2].

To the extent that the plaintiff might rely upon his prisoner status for leniency from service requirements, this Court notes that the plaintiff was promptly informed of the inadequate service when defendants Proctor, Tenney, and Wexford Health Sources, Inc., filed their October 26, 2012, motion to dismiss [Doc. 14]. However, the plaintiff never responded to the motion to dismiss or attempted to correct service upon learning of the improper service when these motions to dismiss were filed. Furthermore, as noted by defendants Proctor, Tenney, and Wexford Health Sources, Inc., the plaintiff is familiar with filing cases in federal district courts as demonstrated by the thirteen lawsuits initiated by the plaintiff in federal district courts in the state of West Virginia [Doc. 15 at 3-4]. As such, because the plaintiff did not demonstrate good cause for his failure to properly serve defendants Proctor, Tenney, and Wexford Health Sources, Inc., this Court must dismiss without prejudice this action as it pertains to these three defendants. *See* FED. R. CIV. P. 4(m). Accordingly, this Court concurs with the magistrate judge's conclusion regarding

dismissal without prejudice of defendants Proctor, Tenney, and Wexford Health Sources, Inc., and **OVERRULES** the plaintiff's objection on this issue.

## IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 23]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Furthermore, the plaintiff's Objections **[Doc. 25]** are **OVERRULED**. Accordingly, Defendant Marvin Plumley's Motion to Dismiss Plaintiff's Complaint **[Doc. 10]** is hereby **GRANTED**; the Motion to Dismiss by Defendants, Dr. David Proctor, Tristan Tenney, HSA and Wexford Health Sources, Inc. (Denominated in the Complaint as Wexford Medical Corporation) **[Doc. 14]** is hereby **GRANTED**; plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted **to** the **extent** that it **pertains to defendant Marvin Plumley**; and plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obtain proper service **to** the **extent** that it **pertains to defendants David Proctor, Tristan Tenney, and Wexford Health Sources, Inc.** (improperly named Wexford Medical Corporation in the Complaint). As such, the plaintiff's Motion to Amend Complaint **[Doc. 26]** is hereby **DENIED** and this **proceeding** is hereby **ORDERED STRICKEN** from the active docket of this Court, and the Clerk is directed to enter a separate judgment in favor of the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and

to mail a copy to the *pro se* plaintiff.

**DATED:** April 16, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE